IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA SEMBACH, <br><br> Plaintiff, <br><br> v. <br><br> LAKEVIEW LOAN SERVICING, LLC AND M&T BANK CORPORATION, <br><br> Defendants. | Case No. 1:20-CV-00752 |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS FED. R. CIV. PROC. 12(b)(6)**

Defendant Lakeview Loan Servicing, LLC ("Lakeview") and M&T Bank[1] ("M&T") (collectively, "Defendants"), by counsel, hereby submit their Memorandum in Support of the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) in response to the Complaint filed by Plaintiff Cynthia Sembach ("Plaintiff").

**INTRODUCTION**

This Court must dismiss Plaintiff's Complaint with prejudice. Plaintiff's claims are wholly unsupported by law and many of Plaintiff's allegations are expressly refuted by the terms of the mortgage. Plaintiff alleges six counts against Defendants, for (i) breach of contract (as to Lakeview only); (ii) intentional infliction of emotional distress; (iii) intrusion upon seclusion; (iv) trespass to real property; (v) a violation of the Illinois Consumer Fraud Act ("ICFA"); and (vi) conversion. Each count must be dismissed with prejudice. Specifically, the mortgage contract allowed Lakeview to secure the property pursuant to Sec. 5. Plaintiff's claims for intentional

---

[1] M&T Bank is incorrectly sued herein as "M&T Bank Corporation". The proper name for the entity is "M&T Bank".

infliction of emotional distress must also be dismissed as they are time-barred. Plaintiff's allegations regarding intrusion upon seclusion must also be dismissed as Plaintiff has failed to satisfy all the elements required to state a claim. Count IV must be dismissed as Plaintiff was in default under the terms of the mortgage, and the mortgage allowed Defendants to take the necessary actions to secure the property. Plaintiff's allegations under the ICFA must be dismissed, because Defendant's actions were proper under the terms of the mortgage as Plaintiff failed to keep the property secure and in proper repair. Count VI must be dismissed as Plaintiff has failed to properly plead all the required elements for a claim for conversion. Accordingly, this Court must dismiss Plaintiff's Complaint with prejudice.

## FACTUAL BACKGROUND

Plaintiff took out a mortgage (the "Mortgage") and note securing a loan on a property located at 4019 206th Street, Matteson, Illinois 60643 (the "Property") on or about October 7, 2015 for the benefit of GMC Mortgage Corporation (Compl. ¶12). On or about August 2016, Plaintiff lost her job (Compl. ¶16). Plaintiff subsequently defaulted on the loan on or about September 2016 (Comp. ¶19). On December 28, 2016, the loan was assigned to Lakeview (Compl. ¶20). Some time in February 2017, Plaintiff moved out of the Property, and moved out of state for a new job (Compl. ¶21). On or about May 18, 2017, Plaintiff received an offer for a short sale of the property in the amount of $130,000.00 (Compl. ¶27). Plaintiff alleges she submitted a short-sale package to Cenlar, the prior servicer, around this time (Compl. ¶28).

On or about June 2, 2017, the loan, assigned to Lakeview, began to be serviced by M&T (Compl. ¶30). Plaintiff alleges that M&T acknowledged receipt of the previous short-sale package on or about June 8, 2017 (Compl. ¶31). Plaintiff alleges that, on or about July 7, 2017, M&T sent her a correspondence indicating that Plaintiff was approved for a HUD pre-foreclosure sale

program (Compl. ¶33). This correspondence is notably absent from the Complaint. On or about August 3, 2017, Plaintiff alleges that M&T acknowledged receipt of additional document sent by Plaintiff to complete the short-sale process (Compl. ¶35). M&T subsequently requested additional required documents from Donna Pacchioni ("Pacchioni"), Plaintiff's authorized 3rd party representative, which were received by M&T on or about September 11, 2017.

On or about August 25, 2017, Plaintiff alleges that she visited the Property, and discovered that the home was winterized and otherwise secured by the servicer's agent (Compl. ¶¶39, 42). Plaintiff further alleges that food and other items were missing from the property (Compl. ¶¶42-43). Plaintiff then waited 2 days, until August 27, 2017, to allegedly inform M&T of her discovery (Compl. ¶44).

M&T continued to correspond with Pacchioni regarding additional information needed to approve a short-sale, but due to a lack of communication from Pacchioni, the loan was removed from loss-mitigation programs on or about December 11, 2017. On March 9, 2018, M&T filed a foreclosure action against Plaintiff in the Cook County Circuit Court, Chancery Division, in a case styled as *Lakeview Loan Servicing, LLC v. Cynthia Sembach*, Case No. 2018-CH-03159. Though Plaintiff could have defended against the foreclosure or otherwise brought her claims in the foreclosure, Plaintiff chose to instead ignore the proceedings, and an order of default was entered against Plaintiff on October 25, 2018. On April 3, 2019, the Property was sold pursuant to the judgment of foreclosure. Plaintiff then filed the instant Complaint on January 31, 2020.

## **LEGAL STANDARD**

Dismissal of a plaintiff's complaint is appropriate when it fails to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a complaint must allege sufficient facts to state a plausible claim for relief. *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions and conclusory statements are not sufficient to satisfy this burden. *Id.*; *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

When ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 365 (7th Cir. 2018). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft,* 556 U.S. at 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

## ARGUMENT

    I.    *Plaintiff Failed Properly To State A Cause Of Action for Breach of Contract Due To Plaintiff's Initial Breach and Count I of the Complaint Must Be Dismissed With Prejudice*

This Court must dismiss Count I of Plaintiff's Complaint because she failed to properly assert a cause of action for breach of contract. To assert a claim for breach of contract, a plaintiff must show (i) the existence of a valid contract; (ii) substantial performance by Plaintiff; (iii) breach of contract by the defendant; and (iv) resultant injury to Plaintiff. *Avila v. Citimortgage, Inc.* 801 F.3d 777, 786 (7th Cir. 2015). As an initial matter, Plaintiff admits that there was no substantial performance on her end, as she breached the mortgage by defaulting (Compl. ¶19). Accordingly, Plaintiff cannot assert a breach of contract as it was her initial breach which caused the events complained of. Plaintiff cannot satisfy the second element needed to assert a breach of contract claim, therefore, Count I of the Complaint must be dismissed with prejudice.

An analogous case to the instant one is *Fannie Mae v. Obradovich*, 2016 U.S. Dist. LEXIS 41522 (N.D. Ill. 2016). That case, which was brought by the same Plaintiff's attorney and before

this very Court, has a similar factual pattern to the instant case. The plaintiffs in *Obradovich* owned a property in Illinois, then moved out of state. They attempted a short-sale of the property shortly thereafter. Plaintiffs later returned to the property to find the locks changed by the servicer, the property winterized, and plaintiffs alleged that items were stolen or damaged. The plaintiffs in *Obradovich* brought suit against Fannie Mae, asserting 7 counts, 4 of which are identical to the instant case; namely for breach of contract, intrusion upon seclusion, a violation of the ICFA, and trespass. In *Obradovich*, this Court dismissed the plaintiffs' claims for breach of contract, intrusion upon seclusion, while plaintiffs' claims for trespass and the ICFA survived.

The same outcome is warranted in the instant case as to Count I (breach of contract). In <u>Obradovich</u>, this Court, citing an analogous section of a mortgage agreement to the instant case, stated "the Obradoviches also contend that § 9 of the mortgage agreement, which gave Fannie Mae the right under prescribed circumstances to protect the property, prohibited the lender from taking such action in the absence of the required circumstances. But that provision of the mortgage purports only to describe a right granted to the lender. It does not define actions beyond the parameters of that right as breaches of the agreement and the Obradoviches cite no authority that would dictate any such construction. In sum, the Obradoviches' breach of contract claim is not supported by statute or by the language of the mortgage agreement itself. The Counter-Defendants' motions are accordingly granted as to Count IV." *Id.* at 15.

Section 5 of the Mortgage (see attached, "Exhibit A") states that "Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned property." Plaintiff admits she was in default on the loan before the alleged breach occurred. Though Plaintiff argues that Lakeview breached the Mortgage by entering the property while it was not vacant or abandoned,

this ignores the fact that the loan was in default, and that Plaintiff was *not occupying the property* as her principal residence or otherwise; for all intents and purposes the property was vacant. In short, Section 5 of the Mortgage does not define actions beyond the parameters of what the lender is allowed to do to protect its interest in the property in the event of default, abandonment, or vacancy, and this Court must dismiss Count I of the Complaint with prejudice.

> II. *Plaintiff's Claim for Intentional Infliction of Emotional Distress is Time-Barred, and Count II of the Complaint Must Be Dismissed With Prejudice*

This Court must dismiss Count II of the Complaint with prejudice because Plaintiff's claim for intentional infliction of emotional distress ("IIED") is time-barred by statute. The statute of limitation for intentional infliction of emotional distress can be found in 735 Ill. Comp. Stat. 5/13-202, which provides that claims for injury to the person must be brought within **two years** of the date they accrue. *Turner v. McQuarter*, 79 F.Supp.2d 911, 918 (N.D. Ill. 1999). Here, the action allegedly causing Plaintiff emotional distress was Defendants' course of conduct in entering the property, damaging the property and its contents, and stealing Plaintiff's personal property (Compl. ¶70). Plaintiff alleges this occurred on August 25, 2017 (Compl. ¶39). Thus, the statute of limitation for Plaintiff's IIED claim began to run on August 25, 2017. With a two year statute of limitation, the claim for IIED was barred as of August 25, 2019. Plaintiff filed the instant complaint on January 31, 2020, **two years and six months** after the alleged action causing Plaintiff's IIED. Accordingly, Count II of Plaintiff's complaint is time-barred and must be dismissed with prejudice.

Even assuming, *arguendo*, that Plaintiff's claim was not time-barred, Plaintiff has still failed to assert a claim for IIED, and Count II would still have to be dismissed with prejudice. To state a claim for IIED, a plaintiff must show (i) extreme and outrageous conduct by the defendant; (ii) intent to inflict or knowledge of a high degree of probability that conduct would cause severe

emotional distress; and (iii) severe emotional distress in fact. *Jimenez v. Thompson Steel Co.*, 264 F.Supp.2d 693, 696 (N.D. Ill. 2003). Here, Plaintiff cannot satisfy the first element because Defendants merely complied with Section 5 of the Mortgage. Plaintiff defaulted on her obligation under the loan and was not living in the Property. Plaintiff does not allege that anyone was occupying the Property. This Court cannot find Defendants' conduct to be extreme or outrageous for simply complying with Section 5 of the Mortgage, express terms to which Plaintiff herself agreed. Accordingly, Count II of Plaintiff's Complaint must be dismissed with prejudice.

> III. **Plaintiff Cannot State A Claim For Intrusion Upon Seclusion, and Count III of the Complaint Must Be Dismissed With Prejudice**

This Court must dismiss Count III of Plaintiff's Complaint because Plaintiff has not, and cannot, state a cause of action for intrusion upon seclusion. To prevail on a claim for intrusion upon seclusion under Illinois law, a plaintiff must prove (i) an unauthorized intrusion into seclusion; (ii) the intrusion would be highly offensive to a reasonable person; (iii) the matter intruded upon was private; and (iv) the intrusion caused plaintiffs anguish and suffering. *Messina v. Green Tree Servicing, LLC*, 210 F.Supp.3d 992, 1008 (N.D. Ill. 2016). The elements for a claim for intrusion upon seclusion are cumulative. *Webb v. CBS Broad., Inc.*, 2011 U.S. Dist. LEXIS 119304, *10 (N.D. Ill. 2011). That is, **all** required elements must be met for a plaintiff to sufficiently plead a cause of action for intrusion upon seclusion.

Much like her other claims, Plaintiff misses the mark as to the first element. Again, Section 5 of the Mortgage allows the lender to secure the property if the borrower is in default, or the property is vacant or abandoned. Plaintiff admits that she was in default of the loan and that she was living out of state and not occupying the Property. Thus, any "intrusion" by Defendants was authorized by the Mortgage itself, as well as Plaintiff's conduct. Count III must accordingly be dismissed with prejudice.

      IV.    *Plaintiff Cannot Assert A Claim For Trespass To Real Property Due To Section 5 of the Mortgage, and Count IV Must Be Dismissed With Prejudice*

This Court must dismiss Count IV of the Complaint because Plaintiff cannot properly assert a cause of action for trespass to real property. To prevail on a trespass claim under Illinois law, a plaintiff must plead and prove negligent or intentional conduct by the defendant which resulted in an intrusion on the plaintiff's interest in exclusive possession of land. *Sak v. Citimortgage, Inc.*, 940 F.Supp.3d 802, 804 (N.D. Ill. 2013). Under Illinois law, a trespasser is one who enters another's land for his or her own purposes without permission, invitation, or **right**. *Obradovich*, supra, at 7 (citing *Lange v. Fisher Real Estate Dev. Co.*, 350 Ill.App.3d 962 (Ill. App. Ct. 2005)) (emphasis added). This claim almost identically mirrors the claim made in *Obradovich*, and this Court must dismiss based on the rationale of that case.

The distinguishing fact between *Obradovich* and the instant case is that in *Obradovich* plaintiffs did not admit that they had defaulted on their loan. But here, Plaintiff admits that she defaulted. The question in *Obradovich* was whether the lender's steps to protect the property were triggered by the Obradoviches' breach or abandonment of the property. The controlling clause of the mortgage in *Obradovich*, which is almost identical to the pertinent Section 5 of the instant Mortgage, allows the lender to secure the property in the event of default, abandonment, or vacancy. As the Obradoviches contested that they were in default, this Court found that whether the trespass was authorized was a question of fact inappropriate to be determined at the pleading stage.

That is **not** the case here. Plaintiff admits she defaulted on the mortgage. Section 5 of the Mortgage was thus triggered, and any entry onto the property by Defendants was authorized by the Mortgage. As Plaintiff cannot plead that any entry was unauthorized, this Court must dismiss Count IV of the Complaint.

> V. As Plaintiff Failed To Maintain The Vacant Property, Plaintiff Cannot Assert A Claim Under The ICFA, and Count V Must Be Dismissed With Prejudice

Count V of the Complaint must be dismissed with prejudice because Plaintiff failed to state a cognizable claim under the ICFA. The ICFA is intended to protect consumers against fraud, unfair methods of competition, and other unfair and deceptive business practices. *Obradovich* at*10 (citing *Robinson v. Toyota Motor Credit Corp.*, 201 Ill.2d 403, 775 N.E.2d 951, 960 (Ill. 2002). Whether conduct is unfair for purposes of the statute is determined by (1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; and (3) whether it causes substantial injury to consumers. *Id*. at *11.

Here, Plaintiff concedes that she was not living in the property, in addition to admitting to defaulting on the terms of the Mortgage. The property appears to have been maintained by Plaintiff's agent Pacchioni. Defendants communicated regarding the status of the property and pending short sale with Pacchioni. Pacchioni, as Plaintiff's agent, spoke to Defendants and informed them the property was **not** being maintained. Section 5 of the Mortgage thus warranted the entry and securing of the property by Defendants. Because Defendants were authorized to act both by the terms of the Mortgage as well as by the representations of Plaintiff's agent, this Court cannot find that Defendants actions offended public policy, were immoral, unethical, oppressive, or unscrupulous, or that is caused substantial injury to consumers. In fact, it was Plaintiff's own actions in failing to maintain the property that triggered Section 5 of the Mortgage. Thus, this Court must dismiss Count V of the Complaint with prejudice.

To the extent that Plaintiff argues that Defendants' conduct was deceptive, the Court must also dismiss Plaintiff's ICFA claim. A deceptive conduct claim under the ICFA requires "(1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the

deception, (3) the occurrence of the deception in a course of conduct involving trade or commerce, and (4) actual damage to the plaintiff that is (5) a result of the deception." *Hill v. Wells Fargo Bank, N.A.*, 946 F.Supp.2d 817, 827 (N.D. Ill. 2013) (citing *De Bouse v. Bayer*, 235 Ill.2d 544, 922 N.E.2d 309, 313, 317 (Ill. 2009)). Claims for violation of the ICFA as to fraud and deception, "are subject to the same heightened pleading standards as other fraud claims; as such they must satisfy the particularity requirements of Rule 9(b)." *Greenberger v. GEICO Gen. Ins. Co.*, 631 F.3d 392, 399 (7th Cir. 2011). Here, Plaintiff failed to allege a deceptive communication with the requisite specificity required under Rule 9(b). Instead, Plaintiff makes generalized claims about Defendants, either expressly or by implication, representing that Plaintiff was not entitled to occupancy of the property (Compl. ¶92(a)). Such allegations are insufficient to maintain a cause of action for deceptiveness under the ICFA as the allegations do not meet the specificity requirements of Rule 9(b). Accordingly, Count V of the Complaint must be dismissed with prejudice.

> VI. *Plaintiff Has Not Properly Plead A Cause Of Action For Conversion, and Count VI of the Complaint Must Be Dismissed With Prejudice*

Count VI of Plaintiff's Complaint must be dismissed with prejudice because Plaintiff has failed to state a cause of action for conversion. A cause of action for conversion requires (1) the unauthorized and wrongful assumption of control, dominion, or ownership by the defendant over the personal property of another; (2) the plaintiff's right in the property; (3) the plaintiff's absolute and unconditional right to immediate possession of the property; and (4) a demand for possession of the property. *Law v. Yanni*, 400 Ill.Dec. 721, 726 (Ill.App.Ct. 2d 2015).

Here, Plaintiff was not on the Property. Rather, Plaintiff appears to have relied on her agent Pacchioni to maintain the property in her absence, triggering Section 5 of the Mortgage. On

August 17, 2017, Defendants authorized their vendor, Safeguard, to maintain the property as Pacchioni stated Plaintiff was not. Per Safeguard, the only items removed on this visit were food from the pantry, as it presented both a health and pest hazard, a tire from the yard, and a hose reel from the yard, which was moved to a shed in order to maintain the lawn (See attached, "Exhibit B"). Further, it appears that the personal property Plaintiff complains of was removed sometime between June 20, 2017 and July 24, 2017, as the property preservation reports indicate that, as of June 20, 2017, personal items were visible on the property, whereas on July 24, 2017, there were no personal items visible, indicating that any items were removed in the interim in the time between Defendants' inspections of the property (See attached, "Exhibit C"). Plaintiff's lack of maintenance of the property, as well as her default, triggered Section 5 of the Mortgage; therefore, Defendants were allowed, by the terms of the Mortgage, to protect their interest in the Property.

     Plaintiff further fails to allege a cause of action for conversion as she has not, and cannot, sufficiently allege that Defendants exercised any control, dominion, or ownership of Plaintiff's personal property. Instead, Plaintiff simply alleges a laundry list of items she states were missing from the Property (Compl. ¶57). Plaintiff also alleges that the Property was **unlocked**, despite having an agent to maintain the property for showings (Compl. ¶40). Accordingly, Plaintiff cannot show that Defendants were what caused any items to be missing, as other people, including Pacchioni, and any other members of the public who may have been allowed into the property for real estate showings, or took any of Plaintiff's personal property. As Plaintiff has not, and cannot, satisfy the first element required for a cause of action for conversion, this Court must dismiss Count VI of the Complaint with prejudice.

**CONCLUSION**

For the foregoing reasons, Defendants Lakeview Loan Servicing, LLC and M&T Bank Corporation respectfully request that this Court enter an order dismissing Plaintiff Cynthia Sembach's Complaint with prejudice, and for such other relief this Court finds just and equitable.

Dated: April 22, 2020

                                                Respectfully submitted,

                                                **M&T Bank and Lakeview Loan Servicing, LLC**

                                                By: /s/ Punit K. Marwaha
                                                          Punit K. Marwaha

Punit K. Marwaha
Jason E. Manning
TROUTMAN SANDERS LLP
227 W. Monroe St., Suite 3900
Chicago, IL 60606
Phone: (312) 759-5949
punit.marwaha@troutman.com

Attorneys for Defendants