**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

CYNTHIA SEMBACH,

    Plaintiff,

v.

LAKEVIEW LOAN SERVICING, LLC, M&T
BANK, and SAFEGUARD PROPERTIES
MANAGEMENT, LLC.,

    Defendant.

Case No: 1:20-cv-00752

Honorable Andrea R. Wood

**JOINT INITIAL STATUS REPORT**

Pursuant to Fed. R. Civ. P. 26(f) and this Court's Case Management Procedures, the parties submit the following Joint Initial Status Report.

**1.**     **Nature of the Case**

    **A.**     **Parties:**

For Plaintiff:

For Defendants Lakeview Loan Servicing, LLC
and M&T Bank:

**Mohammed O. Badwan**
*LEAD ATTORNEY*
**Joseph S. Davidson**
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, IL 60148
Phone: (630) 575-8180
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com

**Punit Marwaha**
*LEAD ATTORNEY*
Troutman Sanders LLP
227 W. Monroe Street
Suite 3900
Chicago, Illinois 60606
Phone: (312) 759-5949
punit.marwaha@troutmansanders.com

    **B.**     **Status of service:** Defendants Lakeview Loan Servicing, LLC ("Lakeview") and M&T Bank have been served. Plaintiff filed his First Amended Complaint on June 10, 2020 to add Defendant Safeguard Properties Management, LLC ("Safeguard"). Safeguard was served on June 15, 2020 and its responsive pleading is currently due on July 6, 2020.

**C.    Jurisdiction:** Plaintiff contends that federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 because (1) complete diversity of citizenship exists, and (2) the amount in controversy exceeds the sum or value of $75,000.00.

**D.    Claims asserted:** Plaintiff brings this action against Defendants seeking redress for breach of contract, intentional infliction of emotional distress, intrusion upon seclusion, trespass to property, violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") (815 ILCS 505/1 *et seq.*), conversion, and negligence.

Plaintiff's claims stem from Defendants' alleged illegal debt collection activity relating to Plaintiff's mortgage loan. Plaintiff alleges that Defendants illegally broke into her property in an apparent effort to "securitize" the home despite the fact that the property was visually occupied and well maintained. As a result of Defendants' alleged conduct, Plaintiff suffered significant damages, including but not limited to, endless stress, severe anxiety, excruciating mental anguish, loss of possession of the property, deprivation of the use of the property, and loss of time. Moreover, Defendants' conduct resulted in the loss of valuable and sentimental personal property. Lastly, Defendants' conduct frustrated Plaintiff's effort to sell the Property or otherwise take advantage of loss mitigation offers. As a result, Plaintiff's financial liability on the subject loan continued to accrue, exposing Plaintiff to an increased risk for a personal deficiency after the Property is sold.

Plaintiff is seeking compensatory damages in an amount of no less than $75,000 resulting from Defendants' forcible entry into Plaintiff's property, including but not limited to, replacement costs of the damaged and stolen personal property, and emotional distress and mental anguish damages resulting from Defendants' conduct. Furthermore, Plaintiff is seeking punitive damages in an amount no less than $100,000 under ICFA and for the intentional torts committed by

Defendants to punish Defendants' for their egregious conduct and to deter future misconduct. Lastly, Plaintiff is seeking her attorney's fees and costs. Defendants deny liability for Plaintiff's alleged damages.

Defendants Lakeview Loan Servicing, LLC and M&T Bank contend that Plaintiff has failed to assert a cause of action under any count of the First Amended Complaint. Plaintiff's initial breach precludes any cause of action for breach of contract. Plaintiff has also failed to state a cause of action for intrusion upon seclusion, as Plaintiff was in default under the loan and the mortgage allowed any alleged actions to occur and any alleged securing of the property. Plaintiff's claims for trespass also fail for similar reasons; that Plaintiff's breach and subsequent abandonment of the property allowed any securing of the property to take place. Plaintiff has also failed to state a proper claim under the ICFA and conversion. Defendants Lakeview Loan Servicing, LLC and M&T Bank seek an order dismissing the Complaint with prejudice.

**E.    Major legal and factual issues:** Plaintiff states that the major legal and factual issues are: (1) whether Defendants had a contractual or legal basis to forcibly enter the property and change the locks; (2) whether Defendants' conduct in forcibly entering the property without notice or authorization was reasonable under the circumstances; (3) whether Defendants stole Plaintiff's personal property; and (4) whether there is an agency relationship between the Defendants for purposes of vicarious liability.

Defendants Lakeview Loan Servicing, LLC and M&T Bank state that the major legal and factual issues are: (1) whether Plaintiff initially breached the mortgage and/or note; (2) whether, in the event of such default and Plaintiff relocating out-of-state, if any actions to secure the property were proper under the terms of the mortgage and/or note; and (3) whether Plaintiff can sufficiently state a claim for relief for the cause of actions Plaintiff pursues.

2.     **Mandatory Initial Discovery Pilot Project ("MIDP")**

    **A.**     The Parties acknowledge they are familiar with the MIDP Standing Order and will comply with the deadlines established by the same.

    **B.**     MIDP disclosures for Plaintiff and Defendants Lakeview and M&T Bank are due on July 14, 2020 (assuming Defendants answer Plaintiff's First Amended Complaint). Defendant Safeguard's MIDP disclosures are due on August 5, 2020 (assuming Safeguard answers Plaintiff's First Amended Complaint).

3.     **Case Plan**

    **A.**     **Pending motions:** There are no pending motions at this time.

    **B.**     **Defendant response to complaint:** Defendants' Lakeview and M&T Bank intend on filing a renewed Motion to Dismiss.

    **C.**     **Discovery plan:**

        **i.**     The Parties anticipate both written and oral discovery.

        **ii.**     Discovery may encompass electronically stored information ("ESI"). The Parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. The Parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable.

        **iii.**     The Parties do not anticipate any issues regarding privilege or protective orders at this time.

        **iv.**     MIDP disclosures supersede those required by FRCP 26(a)(1).

        **v.**     Fact discovery to be completed by March 30, 2021.

vi.     Plaintiff anticipates that expert discovery may be needed to establish that Defendants' conduct in forcibly entering the property without notice or authorization was unreasonable and is inconsistent with mortgage servicing guidelines and is a gross deviation from the same. Defendants Lakeview Loan Servicing, LLC and M&T Bank do not anticipate any expert discovery at this time, though Defendant's answer may change through the pleadings and discovery phases of this matter. The Parties propose an expert discovery deadline of May 30, 2021 to the extent expert discovery will be needed.

vii.     No changes are requested in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by the Local Rules.

viii.     Assuming no expert discovery will be needed, dispositive motions to be filed by July 30, 2021. If expert discovery is needed, dispositive motions to be filed by September 30, 2020.

**D.     Trial:**

i.     Plaintiff has demanded a jury trial.

ii.     A jury trial should last no more than five days.

**4.     Settlement**

**A.     Settlement Discussions:** The Parties have not yet engaged in settlement discussions. Plaintiff will make a settlement demand upon request.

**B.     Settlement Conference:** The parties do not request a settlement conference at this time.

**5.     Consent to Proceed Before a Magistrate Judge:**

**A.**     The Parties do not unanimously consent to proceed before a Magistrate Judge.

Dated: June 23, 2020

**PLAINTIFF**

By:  /s/ *Mohammed O. Badwan*
Mohammed O. Badwan
Joseph Davidson
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, IL 60148
Phone: (630) 575-8180
Facsimile: (630) 575-8188
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com
*Counsel for Plaintiff*

**DEFENDANTS LAKEVIEW LOAN
SERVICING, LLC AND M&T BANK**

By: */s/ Punit Marwaha*
Punit Marwaha
Troutman Sanders LLP
227 W. Monroe Street
Suite 3900
Chicago, Illinois 60606
Phone: (312) 759-5949
punit.marwaha@troutmansanders.com
*Counsel for Defendants*