IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA SEMBACH, | |
| Plaintiff, | |
| v. | Case No. 1:20-CV-00752 |
| LAKEVIEW LOAN SERVICING, LLC; M&T BANK CORPORATION; AND SAFEGUARD PROPERTIES MANAGEMENT, LLC | Hon. Andrea M. Wood |
| Defendants. | |

**MOTION TO STAY DISCOVERY**

Defendants M&T Bank[1] ("M&T") and Lakeview Loan Servicing, LLC ("Lakeview") (collectively, "Defendants"), by and through their undersigned counsel, move this Court for an order staying discovery until such time as Defendants' pending Motions to Dismiss are ruled upon, and, in so moving, state as follows:

**INTRODUCTION**

This Court should stay discovery in this case, as the burden of the discovery outweighs the benefit in light of Defendants' pending dispositive motions. To wit, Plaintiff has served 25 Interrogatories, 69 Requests to Admit, and 58 Requests to Produce on Lakeview, and 25 Interrogatories, 63 Requests to Admit, and 58 Requests to Produce on M&T. Given the voluminous and overbroad discovery served on Defendants, particularly given the current posture of the case with two pending Motions to Dismiss, such discovery requests from Plaintiff impose an undue burden and cost at this stage of the case. Accordingly, this Court must stay discovery until such

---

[1] Plaintiff incorrectly lists "M&T Bank Corporation" as a Defendant in this matter. The proper entity is "M&T Bank".

time as the pending Motions to Dismiss are ruled upon.

Counsel for Defendants contacted counsel for Defendant Safeguard Properties Management, LLC ("Safeguard") regarding the contents of this motion via telephone on December 8, 2020 at 12:14 p.m., at which point counsel for Safeguard stated he did not object to the relief sought in the instant motion. Counsel for Defendants spoke with counsel for Plaintiff via telephone on December 8, 2020 at 1:27 p.m., at which point counsel for Plaintiff stated that he objected to the relief sought in the instant motion, and the parties were unable to reach an accord.

## LEGAL STANDARD

District courts have extremely broad discretion to control discovery. *Crawford-El v. Britton*, 523 U.S. 574, 598-599 (1998). A court may, "for good cause" limit the scope of discovery or control its sequence to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense". *Id*. The determination to stay discovery is based on the individual case and whether ongoing discovery is "unlikely to produce facts necessary to defeat the motion". *Sprague v. Brook*, 149 F.R.D. 575, 577 (N.D. Ill. 1993).

## ARGUMENT

This Court should stay discovery until such time as the pending Motions to Dismiss are granted. Plaintiff's Amended Complaint alleges several counts against Defendants for (i) breach of contract (as to Lakeview only)[2]; (ii) intrusion upon seclusion; (iii) trespass to real property; and (iv) a claim pursuant to the Illinois Consumer Fraud and Deceptive Business Practice Act ("ICFA"). Defendants have filed a pending motion to dismiss, seeking dismissal of all counts against them. Stays are often deemed appropriate where the motion to dismiss can resolve the case. *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 337 (N.D. Ill. 2005) (*See also Builders Ass'n*

---

[2] Plaintiff has stated she is withdrawing Count I for Breach of Contract in her response brief to the instant motion (Dkt. No. 53).

*of Greater Chicago v. City of Chicago*, 170 F.R.D. 435, 437 (N.D. Ill. 1996)). An appropriate factor to consider in weighing whether to grant a stay of discovery is the burden of responding to the discovery. *In re Sulfuric Acid Antitrist Litig.*, *supra*, at 336.

Further, courts in this district have routinely stayed discovery until such time as a pending motion to dismiss is ruled upon (*See Cataldo v. City of Chicago*, 2002 U.S. Dist. LEXIS 1590 (N.D. Ill. 2002), granting a stay of discovery until the district court decides the motion dismiss, holding that requiring defendant to locate, copy, and redact documents where there is a legitimate possibility of dismissal would not be an efficient use of resources, *Hill v. Amoco Oil Co.*, 2001 U.S. Dist LEXIS 3082 (N.D. Ill. 2001), staying discovery while the parties litigated a dispositive motion to dismiss).

In the instant matter, Plaintiff's 3 remaining counts are predicated on the assumption that any entry by any Defendants onto the property was unauthorized. However, as Defendants' Motion to Dismiss states, Plaintiff initially breached the contract by defaulting on the terms of the Mortgage and Note (FAC ¶19) and vacating the property (FAC ¶25). By Plaintiff's own admissions, she cannot sustain causes of action for intrusion upon seclusion or trespass based on the underlying Mortgage and Note. Accordingly, Plaintiff's discovery requests must be stayed until such time as the Motions to Dismiss are ruled upon. Given the sheer amount of requests tendered by Plaintiff at this stage in litigation, without Defendants answering outside of the pending motions, this Court cannot find that the burden of responding to discovery at this stage in litigation outweighs the effect such discovery may have on the pending motions. Accordingly, this Court must stay discovery until such time as the pending Motions to Dismiss are ruled upon.

## **CONCLUSION**

For the foregoing reasons, Defendants M&T Bank and Lakeview Loan Servicing, LLC

respectfully request that this Court enter an order staying discovery until Defendants' Motions to Dismiss are ruled upon by this Court, and for such other relief this Court finds just and equitable.

Dated: December 8, 2020

>Respectfully submitted,
>
>**M&T Bank and Lakeview Loan Servicing, LLC**
>
>By: /s/ Punit K. Marwaha
>     Punit K. Marwaha

Punit K. Marwaha
Jason E. Manning
TROUTMAN PEPPER
HAMILTON SANDERS LLP
227 W. Monroe St., Suite 3900
Chicago, IL 60606
Phone: (312) 759-5949
punit.marwaha@troutman.com
Attorneys for Defendants